IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERRY HARRIS,

      Plaintiff,

vs.                                                                4:06CV388-SPM/AK

EMILY SMOACK, et al,

      Defendants .

_____/

**O R D E R**

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 5).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff names three defendants, but does not specify what each one did with regard to violating his constitutional rights. Further, he has not identified the constitutional rights he alleges were violated. (See Section VI of the complaint form). He states that he was not arrested and not given his rights and that he was assaulted, but he does not provide any facts supporting these claims nor does he

identify what injuries resulted from the acts of which he complains. Defendant Smoak appears to be named because she investigated his complaint against the police department, but she must have violated some constitutional right to be a Defendant in a civil rights action, and she appears to be named simply because Plaintiff disagreed with the results of her investigation. He makes general allegations that the results were racially motivated, but again he provides no facts from which the Court could discern some discrimination. He does not even identify his own race or that of those he alleges discriminated against him.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the

amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **November 16, 2006.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this  **17**th  day of October, 2006.


                                              s/ A. KORNBLUM
                                              **ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**